# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEITEL, INC., et al.,[1] | ) | |
| | ) | Case No. 03-12227 (PJW) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |

## AFFIDAVIT OF JOSEPH L. KING CERTIFYING VOTING ON AND TABULATION OF BALLOTS OF CREDITORS' AND INTEREST HOLDERS' ACCEPTANCE AND REJECTION OF THE DEBTORS' PLAN

STATE OF DELAWARE      )
                       ss.:
COUNTY OF NEW CASTLE   )

JOSEPH L. KING, being duly sworn, deposes and says:

1. I am the Director of Case Administration for Delaware Claims Agency, LLC ("DCA") and, unless otherwise indicated, have personal knowledge of the facts set forth herein. Incorporated in Delaware and headquartered in Wilmington, Delaware, DCA serves as a claims, noticing, voting and ballot tabulating agent. During the past two (2) years, DCA has acted in such capacity for more than eleven (11) chapter 11 debtors.

## DCA'S RETENTION

2. Pursuant to order of the United States Bankruptcy Court for the District of Delaware ("the Bankruptcy Court"), dated July 25, 2003, the Debtors retained DCA: (a) to be their claims and noticing agent; and (b) to act as plan voting and ballot tabulation agent.

3. In its capacity as claims agent, DCA dockets and maintains the official claims register of all proofs of claim filed in these chapter 11 cases. DCA accomplishes this through a proprietary database containing, among other things, information on all filed and scheduled claims and notices sent to claimants and/or their counsel (the "Claims Database"). To the best of my knowledge, DCA has maintained and updated the Claims Database in these chapter 11 cases in accordance with the standard procedures that it follows for all chapter 11 cases. Such procedures are typical in the industry for chapter 11 cases of this size.

---

[1] The Debtors are the following entities: Seitel, Inc.; Seitel Management, Inc.; N360X, L.L.C.; Seitel Delaware, Inc.; Seitel Data Corp.; Seitel Data, Ltd.; Seitel Offshore Corp.; Datatel, Inc.; Seitel Solutions, Inc.; Seitel Solutions, L.L.C.; Seitel Solutions, Ltd.; SI Holdings, G.P.; Seitel Solutions Holdings, L.L.C.; Seitel Canada Holdings, Inc.; SEIC, Inc.; SEIC, L.L.C.; DDD Energy, Inc.; Energy Venture Holdings, L.L.C.; Endeavor Exploration, L.L.C.; Seitel Geophysical, Inc.; Seitel Gas & Energy Corp.; Seitel Power Corp.; Geo-Bank, Inc.; Alternative Communication Enterprises, Inc.; EHI Holdings, Inc.; Exsol Inc.; Seitel IP Holdings, LLC; Seitel Natural Gas, Inc.; Seitel Canada L.L.C.; Matrix Geophysical, Inc.; and Express Energy I, LLC.

## THE DISCLOSURE STATEMENT ORDER

4. On or about October 7, 2003, the Bankruptcy Court granted an Order (A) Approving Disclosure Statement Pursuant To Section 1125 Of The Bankruptcy Code; (B) Establishing Procedures For Solicitation and Tabulation of Votes To Accept The Debtors' Joint Plan of Reorganization Under Chapter 11; (C) Scheduling A Hearing on Confirmation of The Plan and Approving Related Notice Procedures; and (D) Extending Debtors' Exclusivity Periods [Docket No. 255] ("Solicitation Procedures Order").

5. In the Solicitation Procedures Order, the Bankruptcy Court, among other things:

a. approved certain solicitation procedures, vote tabulation procedures, forms of ballot and notice requirements regarding the solicitation of votes on the Plan;

b. established September 30, 2003 as the record date to determine whether a holder of an equity interest was entitled to vote on the Plan and October 9, 2003 as the record date to determine whether a holder of a claim was entitled to vote on the Plan; and

c. established November 7, 2003 (the "Voting Deadline") as the last day by which DCA must receive Plan acceptances or rejections, absent any extensions granted by the Debtors.

6. By order dated November 7, 2003, the Bankruptcy Court extended the Voting Deadline to November 13, 2003.

## SERVICE OF SOLICITATION PACKAGES

7. On or about October 11, 2003, DCA mailed Solicitation Packages in accordance with the Solicitation Procedures Order and as described in the Debtors Motion for Order (A) Approving Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code; (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept the Debtors' Joint Plan of Reorganization under Chapter 11; (C) Scheduling a Hearing on Confirmation of the Plan and Approving Related Notice Procedures; and (D) Extending Debtors' Exclusivity Periods [Docket No. 154]. When mailing the Solicitation Packages, DCA affixed the correct postage and delivered the packages to the United States Post Office for delivery. The United States Post Office returned a number of Solicitation Packages as undeliverable. To the extent the United States Post Office provided forwarding addresses, the Solicitation Packages were re-sent.

8. Affidavits of Service evidencing the service of the foregoing have been filed with the Bankruptcy Court [Docket Nos. 328, 329, 330, 331, 332, 396, 397, 398, 399].

## CLASSES NOT ENTITLED TO VOTE

9. In accordance with the Bankruptcy Court's finding in the Solicitation Procedures Order, Solicitation Packages mailed to holders of claims or interests in the following classes not entitled to vote on the Plan did not include a Ballot:

a. Class 1 (other Priority Claims), Class 2(A) (Other Secured Claims), Class 5 (Pearlman Claims) and Class 10 (Intercompany Claims) because they are unimpaired and deemed to accept the Plan; and

b. Class 8 (Old Subsidiary Equity Interests) and Class 9 (Warrants) because they will receive no distribution under the Plan and therefore are deemed to reject the Plan.

## CLASSES ENTITLED TO VOTE

10. Pursuant to the Solicitation Procedures Order, the following Classes are impaired under, and entitled to vote on, the Plan and Solicitation Packages were mailed to holders of claims in such classes, including applicable Ballots: Class 2 (Harney Secured Claim), Class 3 (General Unsecured Claims), Class 4 (Seitel Unsecured Claims), and Class 6 (Securities Claims).

11. In addition, Class 7 (Old Seitel Common Stock) was impaired under, and entitled to vote on, the Plan. Solicitation Packages, including applicable Ballots and Master Ballots, were mailed by DCA to Innisfreee M&A Incorporated ("Innisfree"), who in turn forwarded such documents to holders of interests in Class 7. A copy of the certification of the Ballots and Master Ballots in Class 7 prepared by Innisfree is attached hereto as Exhibit A and incorporated herein by reference.

## TABULATION PROCEDURES

12. As ballot tabulation agent, DCA adhered to the following procedures when handling Ballots: DCA (a) each return envelope containing a ballot was carefully opened and inspected by a DCA representative, (b) each ballot was then sorted according to class, date-stamped and numbered within its class, (c) each ballot was then entered into the voting database which included, if applicable, the Holder of Record's scheduled amount, claim amount, amount voted, eligible voting amount, amount tabulated and vote to accept or reject the Plan. To the extent that a creditor previously submitted a Ballot, the subsequent Ballot was stapled to the prior Ballot(s) submitted by that creditor and the Claims Database was modified to reflect the last timely received Ballot from such creditor.

13. DCA then tabulated the votes on the Plan in accordance with the terms and provisions of the vote tabulation procedures in the Solicitation Procedures Order and the Bankruptcy Court-approved instructions on each Ballot. DCA audited the tabulation of Ballots on a daily basis and, in accordance with its standard practice, again following the Voting Deadline.

## VOTE TABULATION

14. The results of the voting on and tabulation of the Ballots of creditors regarding acceptance and rejection of the Debtors' Plan received by DCA are summarized on Exhibits B-1 through B-4 attached hereto. Attached hereto as Exhibit B-5 is a summary of Non-Conforming Ballots and Other Exclusions with reasons for non-compliance of Tabulation Rules. The Plan has been accepted by classes 2, 3 and 4 by creditors entitled to vote thereon, and rejected by Class 6 creditors entitled to vote thereon, to the extent that the Court provisionally allows the claim of Class Claimants in any amount greater than $0.00. However, if the Court disallows the claim of the Class Claimants for voting purposes, then Class 6 will not be counted.

15. The results of voting on and tabulation of the Ballots of Class 7 regarding acceptance and rejection of the Debtors' Plan received by Innisfree is detailed in the voting certification of Innisfree attached hereto as Exhibit A.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: November 14, 2003

*Joseph L. King*
Joseph L. King
Director of Case Administration
Delaware Claims Agency, LLC

SWORN TO AND SUBSCRIBED before me, a Notary Public for the State and County aforesaid, on the day and year aforesaid.

*Lou Anne S. Smeltzer*
Notary Public
My Commission Expires:

**LOU ANNE S. SMELTZER
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires July 14, 2005**